```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GOVIND S. MUDHOLKAR,

                         Plaintiff,              06-CV-6010T

              v.                                 DECISION
                                                 and ORDER
THE UNIVERSITY OF ROCHESTER,

                         Defendant.
_____
```

## INTRODUCTION

Govind S. Mudholkar ("plaintiff") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*, ("Title VII"), Section 296 of the New York State Human Rights Law ("Human Rights Law"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, ("ADEA") and the Equal Pay Act of 1963, as amended, 29 U.S.C. § 201, *et seq.*, ("Equal Pay Act"), against the defendant University of Rochester (the "University" and/or "defendant") claiming that the University discriminated against him on the basis of his race, ethnicity, national origin, and age, and has retaliated against him for opposing the allegedly discriminatory treatment he received.

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that: (1) plaintiff's claims of discrimination and retaliation on the basis of his race, ethnicity, national origin and age are barred by the doctrine of res judicata; and (2) plaintiff has failed to establish a prima facie case of discrimination under the Equal Pay Act. Specifically,

defendant argues that plaintiff is asking this court to re-adjudicate facts and claims that have been fully litigated in prior actions before the U.S. Court of Appeals for the Second Circuit, the U.S. District Court for the Western District of New York, the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights (the "Division of Human Rights").

Plaintiff objects to defendant's motion, and claims that the principle of res judicata does not apply to the current Complaint because all of the allegations in the Complaint relate to the period beginning in May 2004. In addition, while plaintiff admits that the Equal Pay Act prohibits only gender discrimination claims, he argues that the Equal Pay Act should be expanded in scope to include ethnicity, race, age and national origin claims. For the reasons set forth below, defendant's motion to dismiss is granted and plaintiff's complaint is dismissed in its entirety with prejudice.

## BACKGROUND

### I. Procedural Background

#### A. Prior Actions Filed by Plaintiff

In the fall of 1992 plaintiff filed a grievance with the University claiming that it discriminated against him by: paying him less than comparable professors; excluding him from participation within the department; discriminating against colleagues who associated with him, and discriminating against graduate students whom he advised. A grievance committee

investigated plaintiff's charges and on April 9, 1994 issued a 17-page report finding that plaintiff's complaints of discrimination were unsubstantiated. The committee also concluded that while plaintiff's salary was slightly lower than salaries of comparable professors, plaintiff had not been discriminated against in his salary.

In April 1996, plaintiff filed an administrative charge with the EEOC claiming that he had been discriminated against on the basis of his race, religion, and national origin. He claimed that as a result of the discrimination he was paid less than other professors, and had been given less-desirable assignments. The EEOC dismissed plaintiff's charge.

Plaintiff then filed a second administrative charge with the EEOC in 1997 claiming that he was being discriminated against on the basis of his race, religion, age, color, and national origin. Plaintiff also claimed that the University retaliated against him for complaining of discrimination. The EEOC dismissed his second charge and issued a "Notice of Dismissal and Right to Sue" letter.

In 1997 plaintiff also commenced an action in the Federal District Court for the Western District of New York against the University alleging numerous causes of action. Plaintiff alleged that he had been discriminated against because of his national origin, race, religion, color, age and by paying him less than other professors all in violation of Title VII, the Human Rights Law, and the ADEA. Plaintiff also alleged discriminatory retaliation in violation of the above provisions. On March 7,

2000, this Court granted the University's motion for summary judgment and dismissed plaintiff's claims finding that plaintiff "failed to establish that any adverse action was taken against him," and failed to show any "circumstances giving rise to an inference of discrimination." In a decision dated October 16, 2000, the Second Circuit Court of Appeals affirmed this Court's holding and issued an order dismissing plaintiff's appeal.

During the pendency of his claim in federal court, plaintiff continued to make discrimination complaints against the University. In response to his complaints, the University undertook an additional investigation of plaintiff's claims of race, ethnic, age and unequal pay discrimination. On June 24, 1998, the committee tasked to investigate plaintiff's claims issued a report, which concluded that allegations made by plaintiff consisting of discrimination and unequal pay were "without objective basis and merit." Thereafter, plaintiff instituted a formal grievance appeal based upon the findings of the committee in its June 24, 1998 report. On December 5, 2002, the committee responsible for the appeal issued a report concluding that there was no evidence of racial ethnic or age discrimination and no evidence of discrimination in pay.

**B.    Recent Actions Filed by Plaintiff**

Most recently, on May 11, 2005, plaintiff filed a verified complaint with the Division of Human Rights claiming that he had been discriminated against on the basis of his race, ethnicity,

national origin, color and age in violation of Title VII, the Human Rights Law, and the ADEA. Plaintiff's verified complaint to the Division of Human Rights was also cross-filed with the EEOC. Yet, as the University pointed out, plaintiff concluded his verified complaint by stating under oath:

> I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

On June 30, 2005 the Division of Human Rights issued a Determination and Order dismissing plaintiff's complaint for Lack of Jurisdiction because "the issues of [this] case have already been adjudicated in Federal Court." The EEOC also dismissed plaintiff's allegations of discrimination against the University on October 13, 2005 by adopting the Division of Human Rights' decision dismissing plaintiff's complaint for lack of jurisdiction.

On January 4, 2006, plaintiff filed the Complaint in this action alleging that the University violated his rights under Title VII, the Human Rights Law, and the ADEA by discriminating against him on the basis of race, ethnicity, national origin and age and by paying him a lower salary compared to other professors. But for the language in paragraphs 14 and 22[1] of plaintiff's Complaint, the current Complaint is virtually identical to the complaint filed in

---

[1] Paragraph 14 states: "With respect to this action, Plaintiff focuses his complaints about inequitable salary and unlawful discriminatory treatment for the period of one (1) year prior to the filing of this charge of discrimination with the New York State Division of Human Rights (i.e., May 11, 2004), up to and including the time of trial.
 Paragraph 22 states: "During 2004, a grievance committee issued a report substantiating the Plaintiff's allegations of an unfairly low salary. Notwithstanding this finding, the wage inequity herein alleged continues to date."

this Court in 1997. Paragraphs 14 and 22 of plaintiff's opposition papers explain that the focus of the current Complaint are not the events previously litigated and/or decided but events that did not occur until after the previous decisions were made i.e. beginning in May 11, 2004. Thus, plaintiff argues that the previous decisions are "legally irrelevant as they did not relate to nor could they relate to events complained of in this action, as they had yet to occur."

## II.  Factual Background

Plaintiff claims that the facts germane to this case relate to the time period beginning in May 2004.[2] In essence, plaintiff claims that since May 2004, the University has further reduced his salary to a lesser level than that of his colleagues in comparable positions and for discriminatory reasons despite his long tenure and good standing as a full professor on the University's faculty. Plaintiff claims that he teaches a full load of graduate level courses and mentors PhD students and writes and conducts research training with graduate students. However, plaintiff states that his base salary is $82,722 which is lower than the median salary of $118,650 paid to professors in his academic level. Plaintiff claims that the wage disparity and reduction in salary constitute adverse employment actions as well as retaliation by the University against the plaintiff for pursuing his previous complaints against the University.

---

[2] Any prior relevant factual background relating to this case has been discussed in extensive detail in this Court's prior Decision and Order dated March 7, 2000.

**DISCUSSION**

**I.   Defendant's Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the complaint where the plaintiff has failed to state a claim upon which relief can be granted.  When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3d 21, 22 (2nd Cir. 1993), cert. denied, 513 U.S. 1014, 115 S.Ct. 572 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

"It is appropriate to determine whether a complaint is barred by res judicata on a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)." Gould v. Nat'l Westminster Bank, U.S.A., 2000 WL 1339292, *3 (D.Conn.,2000)(citing  Southard v. Southard, 305 F.2d 730, 732 & n. 1. (2d Cir.1962); See also Day v. Moscow, 955 F.2d 807, 811 (2d Cir.), cert. denied, 506 U.S. 821 (1992) (court may consider a properly dismissed complaint upon which the defense of res judicata was based in motion pursuant to Fed. R. Civ. P. 12(b)(6)). For the

reasons set forth below, I hereby grant defendant's motion to dismiss plaintiff's Complaint with prejudice.

## II. **Plaintiff's Claims are Barred by the Doctrine of Res Judicata**

The doctrine of res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citations omitted); LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587 (2d Cir. 1994); Woods v. Dunlop Tire Corp., 972 F.2d 36, 38 (2d Cir.1992), *cert. denied*, 506 U.S. 1053 (1992) ("res judicata or claim preclusion `prevents a party from litigating any issue or defense that could have been raised or decided in a previous suit, even if the issue or defense was not actually raised or decided.'" (quoting Clarke v. Frank, 960 F.2d 1146, 1150 (2d Cir. 1992).

The purpose of the doctrine is to provide finality to parties who have come before the courts to resolve their disputes. See Allen, 449 U.S. at 94 (purpose of the res judicata defense is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication"). Accordingly, the doctrine prevents relitigation of claims asserted in a previous action, as well as claims that could have been asserted in that action. See Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)

(under the doctrine of res judicata, a judgment entered on the merits in a previous action "is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose").

To determine whether or not the doctrine of res judicata applies to preclude litigation, the court must determine whether or not the judgment in the previous action was: "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Stephenson v. Dow Chem. Co., 273 F.3d 249 (2nd Cir. 2001)(citing Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir., 1985)) To determine whether or not claims in the second lawsuit involve "the same cause of action", courts determine whether or not "the same transaction or a connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second [action] were present in the first [action]."  NLRB v. United Tech., 706 F.2d 1254, 1260 (2nd Cir. 1983); See also Salerno v. Leica Inc., 139 F.Supp.2d 377, 383 (W.D.N.Y. 2001) (quoting Interoceanica Corp. v. Sound Pilots, 107 F.3d 86, 90 (2d Cir. 1997) (courts "must look to whether the underlying facts of the two cases are related in time, space, origin, or motivation, whether they would have formed a convenient

9

trial unit, and whether their treatment as a unit would have conformed to the parties expectations").

In the instant case, summary judgement on the merits was issued by this Court, having jurisdiction over the parties and the subject matter on March 7, 2000 in favor of the University dismissing plaintiff's Complaint, which alleged discrimination and unequal pay on the basis of race, ethnicity, national origin and age. Moreover, the prior action in which the judgment was rendered also involved the same parties. Because three of the four factors for applying the doctrine of res judicata have been met, this Court need only determine whether or not the prior action involved "the same cause of action."

Based on the allegations in the prior Complaint, and the entire record from the prior court proceedings, I find that the allegations raised by plaintiff in this Complaint are essentially identical to those raised in the prior federal court action. The claims in this case (that the University violated federal law by discriminating plaintiff and not paying him equally compared to his peers), arise out of the same facts that were alleged in the prior federal court action.

Every discrimination claim alleged by plaintiff in his current action had been alleged in the first complaint and are identical to allegations first presented to the University in 1992. Plaintiff had an opportunity to fully and fairly litigate his claims of discrimination in the prior action. Indeed, plaintiff's current allegations are identical to allegations dismissed by the EEOC in

1996 and 1997 with a finding of no probable cause and dismissed by the University's Grievance Proceedings in 1998 with a finding of "no objective bases or merit."  Plaintiff exhaustively litigated his claims before this Court, resulting in dismissal of his Complaint on March 7, 2000, and thereafter affirmed by the U.S. Court of Appeals for the Second Circuit on October 4, 2000.  Subsequently, and notwithstanding the dismissal of his claims, plaintiff filed the same complaints, which were dismissed by the University's Appeal Committee in 2002; dismissed by the Division of Human Rights on June 30, 2005 and dismissed by the EEOC on October 13, 2005 with a determination that plaintiff's issues had already been adjudicated in federal court.

Plaintiff argues that <u>res judicata</u> does not apply in this case because the claims arising in this action, particularly with regard to plaintiff's recent salary reduction could not have been raised in the prior federal proceeding as they had yet to occur. Plaintiff has characterized his current action as seeking relief solely for events, which began in May 2004 and thus could not have been raised in the first action, which was decided on or about March 7, 2000.  This argument is untenable.  Plaintiff does not allege any new facts occurring on or after May 2004 that would support his claims of salary reduction and unequal pay.  Indeed, plaintiff reasserts and relies on the same facts, which he raised and were litigated and decided in his prior action before this Court.  Accordingly, I find that plaintiff's action is barred by the doctrine of <u>res judicata</u>.

### III. **<u>Plaintiff's Claims are Barred by the Statute of Limitations</u>**

Defendant alleges that plaintiff's Title VII claims alleging unlawful discrimination and unequal pay on the basis of age, race, ethnicity and national origin are untimely.  Title VII claims are limited to those occurring within 300 days of plaintiff's EEOC discrimination charge.  <u>See</u> 42 U.S.C. § 2000e-5(e)(1) (2003). Plaintiff's discrimination charge with the Division of Human Rights was filed on May 11, 2005 and cross-filed with the EEOC the following day.  Accordingly, the University argues that any of plaintiff's Title VII claims occurring before July 15, 2004, are time-barred.  <u>See</u> <u>Pikulin v. City Univ. of N.Y.</u>, 176 F.3d 598, 599 (2d Cir. 1999).

Plaintiff asserts however that under Executive Law § 297(5) of the New York State Human Rights Law the statute of limitations is one-year, which would run from May 11, 2004.  <u>See</u> <u>McKinney's Executive Law § 297(5)</u>.  According to plaintiff this is significant because the reduction in pay that he suffered in June 2004 is within the 365-day statutory period.

Title VII requires that complaints of discrimination be filed with the EEOC within 300 days after the alleged discriminatory act. 42 U.S.C. §2000e-5(e).  Plaintiff filed his Title VII administrative complaint in May 2005.  Thus claims of discrimination prior to July 2004 (with respect to alleged race, color, national origin, and ethnicity discrimination) are barred by the statute of limitations provision.  Many of plaintiff's

allegations of unlawful discrimination and unequal pay involve incidents that took place prior to May 2004. In addition, plaintiff relies on a letter from the University dated June 11, 2002 in support of various unequal pay assertions. See Plaintiff's Mem. at 7 Ex. H. Significantly, plaintiff concedes that a University Grievance Report issued in 2002 "forms a significant basis for [supporting] this action." See Plaintiff's Mem. id. at 6. These documents are irrelevant since plaintiff's salary claims were decided in his prior action and are time-barred by the statute of limitations.

### IV. Equal Pay Act Claims

Plaintiff's remaining claim for relief, which has not previously been adjudicated by this Court alleges that the University has denied him his rights under the Equal Pay Act due to his race, ethnicity, national origin and age. However, the Equal Pay Act prohibits only gender-based discrimination.

To establish a prima facie violation of the Equal Pay Act under 29 U.S.C. § 206(d), the plaintiff must prove that the employer pays different wages to members of another sex for equal work on jobs that require equal skill, effort, and responsibility, and that are performed under similar working conditions. See Corning Glass Works v. Brennan, 417 U.S. 188 (1974); Aldrich v. Randolph Cent. School Dist., 963 F.2d 520 (2d Cir. 1992); Anderson v. State Univ. of NY, 107 F.Supp.2d 158, 163 (N.D.N.Y. 2000). The statute does not address discrimination on the basis of race, ethnicity, national origin, age or any other protected class. See

Conner v. Togo D. West, Jr., 2002 U.S.Dist. LEXIS 5804 (W.D.Mich., 2002). Accordingly, the Equal Pay Act prohibits the University from discriminating on the basis of sex in the payment of wages. See 29 U.S.C. § 206(d)(1) (the Equal Pay Act prohibits discrimination "between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work...").

Here, plaintiff does not allege that he is receiving a lower wage compared to a female professor who is doing substantially equal work. In fact, plaintiff admits that the language of the Equal Pay Act prohibits wage discrimination only on the basis of gender. While plaintiff argues that "he is entitled to make a serious non-frivolous argument" in order to expand the ambit of the Equal Pay Act and include claims relating to ethnicity, race, age and national origin (see Plaintiff's Memo, p. 13), he does not offer any reasonable basis for extending the scope of the Equal Pay Act. See In re Ames Dept. Stores, Inc., 306 B.R. 43, 66 (Bankr. S.D.N.Y. Feb. 26, 2004) ("It is well established that when a statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." (citing Lamie v. U.S. Trustee, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); see also Garcia v. Teitler, 443 F.3d 202 (2d Cir. 2006) (In interpreting a statute, a court should assume that Congress legislated against a background of law already in place and the historical development of that law).

14

Because plaintiff fails to claim gender-based discrimination and fails to offer support for extending the Equal Pay Act beyond the clear language of the statute, plaintiff's Equal Pay Act claim is dismissed for failure to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed in its entirety with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         September 27, 2006